IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAMON FISHER,** )<br>**Individually as Father** )<br>**and Next Friend of Minor, K.F.,** )<br>                                                                 )<br>                              **Plaintiff,** )<br>                                                                 )<br> v.                                                            )<br>                                                                 )<br>**LANDEE LYNCH, et al.,** )<br>                                                                 )<br>                              **Defendants.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 07-2154-KHV** |

## ORDER

Ramon Fisher, *pro se*, brings suit against defendants including Landee Lynch and John Does one through ten. Plaintiff alleges in part that Lynch conspired with Cecelia Mariani to deprive him of parental rights in violation of the First and Fourteenth Amendments. On January 23, 2008, the Court found that the complaint did not allege sufficient facts to state a class-based conspiracy under 42 U.S.C. § 1985(3) or a conspiracy to violate constitutional rights under 42 U.S.C. § 1983. See Memorandum And Order And Order To Show Cause (Doc. #62) at 7-11. The Court therefore sustained Mariani's motion for judgment on the pleadings as to the conspiracy claim and ordered plaintiff to show good cause in writing by February 8, 2008 why it should not also dismiss the conspiracy claim against Lynch. See id. at 18. Plaintiff has not responded. For substantially the reasons set forth in its previous order, the Court dismisses for failure to state a claim plaintiff's conspiracy claim against Lynch.

Plaintiff alleges that the John Doe defendants "participated in the allegations set forth in this complaint." Complaint (Doc. #8) filed April 17, 2007 ¶ 8. In its previous order, the Court noted that plaintiff had not alleged with an specificity the claims which involved the John Doe defendants or

what roles they might have played in the matter. See Memorandum And Order And Order To Show Cause (Doc. #62) at 6 n.4. Because the complaint appeared insufficient to allow eventual identification of the unknown defendants, the Court ordered plaintiff to show good cause in writing by February 8, 2008 why it should not dismiss for failure to state a claim plaintiff's claims against the John Doe defendants. See id. Plaintiff has not responded. For substantially the reasons set forth in its previous order, the Court dismisses for failure to state a claim plaintiff's claims against John Does one through ten.

The following claims remain in the case: (1) under Section 1983, the First, Fourth and Fourteenth Amendment claims against Lynch regarding the ex parte order (Count I); (2) under Kansas law, the defamation claim against Joyce Immenschuh (Count III); (4) under Section 1983, the First, Fourth, Thirteenth and Fourteenth Amendment claims against Lynch, Deb Davis, NEK-CAP, Inc. and Nek-CAP Headstart regarding K.F.'s mandatory daycare attendance (Count IV).

**IT IS SO ORDERED.**

Dated this 19th day of February, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge