**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

```
RAMON FISHER,                            )
Individually as Father                   )
and Next Friend of Minor, K.F.,          )
                                         )
                    Plaintiff,           )
                                         )    CIVIL ACTION
v.                                       )
                                         )    No. 07-2154-KHV
LANDEE LYNCH, et al.,                    )
                                         )
                    Defendants.          )
_____)
```

**MEMORANDUM AND ORDER**

Ramon Fisher, *pro se*, brings suit against Joyce Immenschuh, among others. Under Kansas law, plaintiff alleges that Immenschuh defamed him (Count III). This matter comes before the Court on Defendant Joyce Immenschuh's Motion For Summary Judgment (Doc. #48) filed November 26, 2007. For reasons stated below, the Court overrules the motion.

**Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence. Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d

737, 743 (10th Cir. 1991). Once the moving party meets her burden, the nonmoving party must demonstrate that genuine issues remain for trial "as to those dispositive matters for which [he] carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Anderson, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

## **Background**

The following material facts are uncontroverted, deemed admitted or, where disputed, viewed in the light most favorable to plaintiff, the nonmoving party:[1]

Joyce Immenschuh is an employee of Jackson County, Kansas. On September 29, 2006, while working as an office manager in the Jackson County Attorney's office, Immenschuh told the

---

[1] As necessary, the Court supplements defendants' statement of facts with facts taken from plaintiff's complaint, which he filed under oath. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (complaint treated as affidavit to extent it alleges facts based on plaintiff's personal knowledge and is sworn under penalty of perjury).

chief of police of Holton, Kansas and the Jackson County Attorney that plaintiff was "on drugs and capable of murder." Immenschuh made this statement to help plaintiff's ex-wife gain sole custody of their minor child.[2]

Prior to filing this action, plaintiff did not file with the clerk of Jackson County any notice of his claim against Immenschuh. For that reason, Immenschuh argues that she is entitled to summary judgment.

## **Analysis**

Under Kansas law, "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claim act shall file a written notice . . . before commencing such action." K.S.A. § 12-105b(d). This notice requirement is a condition precedent to bringing suit against a municipality. Tucking v. Bd. of Comm'rs of Jefferson County, 14 Kan App.2d 442, 445, 796 P.2d 1055, 1057 (1990). For purposes of the notice requirement, claims against a municipality include claims against municipal employees acting in the scope of their employment. King v. Pimentel, 20 Kan. App.2d 579, 589, 890 P.2d 1217, 1225 (1995).

Immenschuh argues that she is entitled to summary judgment because plaintiff did not file

---

[2] As part of her statement of uncontroverted facts, Immenschuh states that she was acting in the scope and course of her employment when she made the alleged statements. As support for this statement, Immenschuh cites paragraphs 52, 54 and 56 of the complaint. These portions of the complaint allege that Immenschuh worked in the Jackson County Attorney's office, but do not allege that she was acting within the scope of her employment when she defamed plaintiff. Because Immenschuh has no support for her contention, the Court ignores the purported statement of fact that she acted within the scope of her employment when she defamed plaintiff. Further, the statement presents a legal conclusion which is not competent evidence on summary judgment. See Sprint Commcn's Co. v. Vonage Holdings Corp., 500 F. Supp.2d 1290, 1304 (D. Kan. 2007) (citing Fed. R. Civ. P. 56(e)) (legal conclusion not fact admissible in evidence which may be considered on summary judgment).

notice of his defamation claim before bringing this action.  Plaintiff does not meaningfully respond.[3]  Despite the absence of legal argument in plaintiff's favor, the Court must nevertheless determine the appropriateness of summary judgment on this record.  See Moore v. Bd. of County Comm'rs of the County of Leavenworth, 470 F. Supp.2d 1237, 1248 n.21 (D. Kan. 2007) (citing Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002)) (despite lack of meaningful response, court must consider whether summary judgment appropriate).

As noted above, to apply the notice requirement of Section 12-105b(d) to plaintiff's defamation claim, the Court must find as a matter of law that Immenschuh acted within the scope of her employment when she made her defamatory statements.  To determine if an employee acts within the scope of her employment, the Court considers whether (1) the act was done for the employee's personal benefit or in furtherance of the state's business; (2) the employee had express or implied authority to perform the act; and (3) the state could reasonably foresee the act.  See Meyer v. Nava, 518 F. Supp.2d 1279, 1290 (D. Kan. 2007).  In other words, municipal liability turns on "whether the employee, when [she] did the wrong, was acting in the prosecution of the State's business and within the scope of the [her] authority, or had stepped aside from that business and done an individual wrong."  Commerce Bank of St. Joseph, N.A. v. State, 251 Kan. 207, 215, 833 P.2d 996, 1001 (1992).

Here, the record contains no evidence that Immenschuh was acting to prosecute county

---

[3] Plaintiff argues that civil rights claims filed under 42 U.S.C. § 1983 are not subject to the notice requirement of Section 12-105b(d).  Although plaintiff is correct, his defamation claim arises under Kansas law and may be subject to the notice requirement.  See Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 282 (D. Kan. 1995) (federal civil rights claims – including Section 1983 claims – not subject to notice requirement of Section 12-105b(d); state law claims may be).

business when she defamed plaintiff. Moreover, Immenschuh does not suggest in the argument section of her brief that she was acting in the scope of her employment at the time. Without any evidence or argument that Immenschuh defamed plaintiff while acting in the scope of her employment, the Court cannot find as a matter of law that plaintiff was required to file notice of his defamation claim before proceeding to court and Immenschuh is not entitled to summary judgment on that ground. The Court therefore overrules the motion.

**IT IS THEREFORE ORDERED** that <u>Defendant Joyce Immenschuh's Motion For Summary Judgment</u> (Doc. #48) filed November 26, 2007 be and hereby is **OVERRULED**.

Dated this 17th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge