# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAMON FISHER,**<br>**Individually and as Father**<br>**and Next Friend of Minor, K.F.,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**LANDEE LYNCH, et al.,**<br><br>          **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        **CIVIL ACTION**

        **No. 07-2154-KHV**

## MEMORANDUM AND ORDER

Ramon Fisher, *pro se*, brings suit against defendants including Landee Lynch.  Under 42 U.S.C. § 1983, plaintiff alleges that Lynch (1) caused the District Court of Jackson County, Kansas to enter an unlawful ex parte order of direct custody in violation of his First and Fourteenth Amendment rights and the First, Fourth and Fourteenth Amendment rights of his daughter K.F. (Count I), and prevented him from removing his daughter from daycare and thereby created a condition of involuntary servitude in violation of the First, Fourth, Thirteenth and Fourteenth Amendments (Count IV).[1]  This matter comes before the Court on Defendant Landee Lynch's Motion For Judgment On The Pleadings (Doc. #67) filed February 25, 2008.  For reasons stated below, the Court sustains the motion.

## Legal Standards

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138,

---

[1]     The Court previously dismissed plaintiff's claim that Lynch conspired to deprive him of constitutional rights in violation of 42 U.S.C. § 1985(3) (Count II).  See Order (Doc. #64) filed February 19, 2008 at 1.

1160 (10th Cir. 2000); Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992).  Under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff.  See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006).  Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved).  In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face.  Bell Atl. Corp., 127 S. Ct. at 1974.  Because plaintiff proceeds *pro se*, the Court will liberally construe his complaint.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

## Factual Background

The Court has previously set forth a comprehensive summary of the complaint, see Memorandum And Order And Order To Show Cause (Doc. #62) filed January 23, 2008 at 3-7, and will repeat those facts only as necessary here.

On July 12, 2006, the District Court of Jackson County appointed Lynch as mediator of the child custody dispute between plaintiff and his former wife.  On September 6, 2006, Lynch negotiated with NEK-CAP, Inc. for mandatory daily attendance of plaintiff's minor daughter, K.F., at Head Start daycare.

In late September of 2006, Lynch testified in support of an application for direct custody by plaintiff's former wife.  This testimony contained several relevant omissions and misrepresentations and

did not establish any emergency involving plaintiff's daughter.  Lynch knew that the application was defective, but she exercised her decisionmaking and policymaking authority as court-appointed mediator to support the application for order of direct custody.  The state court subsequently entered an order of direct custody which suspended plaintiff's parental rights and gave sole custody of K.F. to plaintiff's former wife.  After the state court entered the order of direct custody, Lynch refused to let plaintiff visit K.F. until he agreed to a case management order and memorandum of understanding which limited his parental rights.

In Count I, plaintiff claims that in violation of Section 1983, Lynch improperly caused the state court to enter the ex parte order of direct custody which interfered with his parental rights and the constitutional rights of K.F.  In Count IV, plaintiff claims that in violation of Section 1983, Lynch created a condition of involuntary servitude by preventing him from removing K.F. from daycare.  Lynch argues that she is entitled to judgment on the pleadings because (1) the Court should abstain under Younger v. Harris, 401 U.S. 37 (1971), and (2) she enjoys judicial immunity.

## Analysis

Lynch argues that the Court should abstain under Younger because the federal action interferes with the ongoing child custody proceeding in state court.  Younger dictates that a federal district court abstain from exercising jurisdiction when (1) a state criminal, civil or administrative proceeding is ongoing; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests.  Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999).  Where these elements are satisfied, abstention is mandatory absent extraordinary circumstances.  Id.

As to the first element – an ongoing state proceeding – a proceeding is considered to be pending

if "as of the filing of the federal complaint not all state appellate remedies have been exhausted."

Mounkes v. Conklin, 922 F. Supp. 1501, 1511 (D. Kan. 1996). Here, plaintiff's claims grow out of the

state custody proceeding which remained pending when he filed the complaint in April of 2007.  See

Exhibit A, attached to Plaintiff's Motion To Establish Preliminary Injunction (Doc. #10) filed June 21,

2007 (case manager recommendations filed with District Court in child custody proceeding on May 7,

2007); Exhibit 1, attached to Plaintiff's Brief In Opposition Of Defendant Lynch's Motion For Judgment

On The Pleadings (Doc. #69) filed March 21, 2008 (order of Kansas Court of Appeals dismissing

appeal, entered February 25, 2008).[2]  Plaintiff argues that the proceeding is no longer ongoing because

the Kansas Court of Appeals has dismissed his appeal.  For purposes of Younger, however, the current

disposition of the state court proceeding is irrelevant; the determinative factor is the existence of a state

proceeding when plaintiff *filed* his federal action.  See Phillips v. Martin, 535 F. Supp.2d 1210, 1215

(D. Kan. 2008) (rejecting argument that no state proceeding satisfied Younger when state court entered

judgment in custody proceeding after plaintiff filed federal action).  The Court finds that the first

Younger element is satisfied.

As to the second element – an adequate state forum in which to raise the federal claims –

Younger requires that plaintiff have the opportunity to raise and have timely decided by a competent

state tribunal the constitutional claims which he asserts in the federal action.  Middlesex County Ethics

Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982).  In general, state courts of general

---

[2]     In applying the motion to dismiss standard, the Court may take judicial notice of matters of public record – including court documents – without converting the motion into one for summary judgment.  See Erikson v. Farmers Group, Inc., 151 Fed. Appx. 672, 675 (10th Cir. 2005).

jurisdiction are competent to adjudicate claims invoking federal statutes such as Section 1983.[3] <u>Nevada v. Hicks</u>, 533 U.S. 353, 366 (2001).  More specifically, the Supreme Court has rejected the notion that "state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." <u>Moore v. Sims</u>, 442 U.S. 415, 435 (1979).  Because constitutional claims may be raised in state custody proceedings, the Tenth Circuit has consistently approved abstention in federal actions involving constitutional challenges to such proceedings. <u>See</u> <u>Gordon v. (FNU) (LNU)</u>, 240 Fed. Appx. 785, 787 (10th Cir. 2007) (under <u>Younger</u>, court has no jurisdiction to inquire into constitutionality of state custody proceeding); <u>Hennelly v. Flor de Maria Oliva</u>, 237 Fed. Appx. 318, 320 (10th Cir. 2007) (<u>Younger</u> prevents federal district court from interfering with ongoing state custody proceeding); <u>see also</u> <u>Hunt v. Lamb</u>, No. 06-4083-JAR, 2006 WL 2726808, at *3 (D. Kan. Sept. 22, 2006) (because civil rights claims related to child custody dispute can be heard in state custody proceeding, <u>Younger</u> requires dismissal of federal action), <u>appeal dismissed</u>, 220 Fed. Appx. 887 (10th Cir. 2007) (agreeing with district court that plaintiff failed to state claim against defendants); <u>Harrington v. Wilson</u>, No. 05-cv-01858-EWN-MJM, 2006 WL 2724094, at *10 (D. Colo. Sept. 21, 2006) (under <u>Younger</u>, state court adequate forum to hear challenges to custody proceeding, including Section 1983 claims against court-appointed psychologist), <u>aff'd</u>, 242 Fed. Appx. 514 (10th Cir. 2007).

Plaintiff implies that the state forum is not adequate because he has exhausted his appeal to the Kansas Court of Appeals and he cannot now bring his constitutional claims in state court.  For purposes of <u>Younger</u>, however, the question is not whether plaintiff can now bring his claims in state court, but

---

[3]       Under Kansas law, state district courts – including the Jackson County District Court – are courts of general jurisdiction.  <u>See</u> K.S.A. § 20-301.

whether he *could have* raised them at some point in the state court proceedings.  See Judice v. Vail, 430 U.S. 327, 337 (1977) (Younger requires nothing more than opportunity to raise federal claims in state court).  The foregoing authority suggests that plaintiff could have raised his constitutional claims in state district court, and plaintiff identifies no obstacle to his ability to assert those claims.[4]  The Supreme Court has explained that where a federal plaintiff has not attempted to present his federal claims in related state court proceedings, "a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); see also J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1292 (10th Cir. 1999) (to extent that court is uncertain whether plaintiff's claims could have been heard in state court, such uncertainty "militates in favor of abstention").  Because plaintiff has identified no unambiguous authority which indicates that his claims against Lynch could not have been raised in the state court, the Court finds that the second element of Younger is satisfied.[5]

------------------------------------------------------------

[4]     Even if plaintiff could not have raised his constitutional claims in state district court, which appears unlikely, the Kansas Court of Appeals has entertained due process challenges to district court procedures in child custody matters.  See In re D.R.K., 79 P.3d 796 (Table), 2003 WL 22831935, at *2-3 (Kan. Ct. App. Nov. 26, 2003) (considering due process challenge to trial procedure in child custody proceeding); Jones v. Walker, 29 Kan. App.2d 932, 934-45, 33 P.3d 872, 874 (2001) (same).  For purposes of Younger, plaintiff's ability to raise his constitutional claims on appeal is sufficient to establish the state court as an adequate forum.  See Fisher v. Whetsel, 142 Fed. Appx. 337, 339 (10th Cir. 2005) (ability to raise ineffective assistance of counsel claim on direct appeal creates adequate state forum).

[5]     Although Lynch was not a party to the state custody proceeding, this fact does not render the state forum inadequate.  In Morrow v. Winslow, 94 F.3d 1386 (10th Cir. 1996), the Tenth Circuit invoked Younger sua sponte to abstain from hearing a father's due process claim against the judge presiding over his pending state adoption proceeding.  Although the judge was not a party to the state proceeding, the Tenth Circuit recognized that the federal action interfered with state substantive policies and prevented the state from "continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies."  Id. at 1397 (quoting Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975)).  The Tenth Circuit concluded that courts
(continued...)

-6-

As to the third element – an important state interest – it is well established that the State of Kansas maintains a significant interest in child custody matters. See Morrow, 94 F.3d at 1393 (10th Cir. 1996) (child custody proceedings especially delicate area of state concern); Alferex ex rel. Calderon v. Chronister, 41 F. Supp.2d 1238, 1240 (D. Kan. 1999) (disputes concerning child custody traditional area of state concern). Plaintiff does not contest this element, nor can he. The Court finds that the third Younger element is satisfied.

As noted above, where the three requirements of Younger are satisfied, the Court must abstain unless extraordinary circumstances exist. Amanatullah, 187 F.3d at 1163. Younger does not require abstention where the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where a challenged statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." Huffman, 420 U.S. at 611 (internal citations omitted). Discussing these circumstances, the Court has previously ruled that the complaint does not warrant any exception to the mandatory application of the abstention doctrine. See Memorandum And Order And Order To Show Cause (Doc. #62) at 14. Because the three Younger elements are satisfied and no exception applies to the facts of this case, the Court finds that abstention under Younger is appropriate and that Lynch's

---

[5](...continued)

"should not permit the luxury of federal litigation of issues presented by ongoing state proceedings which involve family relations, a traditional area of state concern." Id. (internal citations and quotations omitted). As in Morrow, plaintiff's claims against Lynch – the court-appointed mediator – frustrate the state custody proceeding and Lynch's status as a nonparty does not dispel the Younger concerns which arise from such interference. See also Harrington, 2006 WL 2724094, at *10 n.6 (state court provides adequate forum to raise constitutional claims against court-appointed psychologist who acts on custody matters delegated to state court).

motion for judgment on the pleadings should be sustained.[6]  Plaintiff's claims against Lynch are dismissed.  See Pettit v. Whetsel, 188 F.3d 519 (Table), 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999) (although stay of Section 1983 claim for money damages preferred remedy under certain circumstances, Younger calls for dismissal where federal due process claim calls state court decision into question).

**IT IS THEREFORE ORDERED** that Defendant Landee Lynch's Motion For Judgment On The Pleadings (Doc. #67) filed February 25, 2008 be and hereby is **SUSTAINED**.

The following claims remain in the case: (1) under Kansas law, the defamation claim against Immenschuh (Count III); and (2) under Section 1983, the First, Fourth, Thirteenth and Fourteenth Amendment claims against Deb Davis, NEK-CAP, Inc. and NEK-CAP Head Start regarding K.F.'s mandatory daycare attendance (Count IV).

Dated this 21st day of May, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[6]     As to Lynch's alternate argument – that she is entitled to judicial immunity as a court-appointed mediator – the Court notes that judicial immunity would protect Lynch only from individual capacity claims against her.  See Ely v. Hill, 35 Fed. Appx. 761, 764 (10th Cir. 2002) (judicial immunity applies only to individual capacity claims).  Because plaintiff asserts both individual and official capacity claims against Lynch, judicial immunity could not provide her full relief from plaintiff's claims.  Because Younger completely disposes of the claims, the Court need not analyze Lynch's claim of judicial immunity.